*239 Opinion of the Court delivered by
Hornrlower, C. J.
The argument of the counsel for Silvers, proceeds upon a false basis. It assumes, that this court, in setting aside the judgment as against Brittin, went upon the ground, that the affidavit was false and fraudulent in such a sense as to pronounce it a pexjury, and render it a nullity. This is not so. Our control over this judgment, is entirely of a discretionary and equitable character. We do not upon- these applications, act as a Court of Errors, but only give such relief, as the justice and equity of the case, upon facts proved before us, by affidavits, seem to demand. This judgment upon the face of it, is entirely regular. The proceedings and affidavit, were such as fully to authorize a Judge’s fiat. JSlor can we, sitting here, and upon motion, in a summary way, pronounce the affidavit to be corruptly false. We may bo satisfied, as we were upon the former argument, that one of the defendants had by operation of law, or by express contract with the plaintiff, been discharged from his liability on the note, in whole or in part; and being so satisfied, we may in the exercise of that equitable control we have oyer these confessed judgments, relieve him pro tanto. It does not follow, from such decision, that the plaintiff has been guilty of wilful and corrupt perjury. He may have sworn to what he believed to be actually or constructively true: and the affidavit must be taken to bo true, so far as to justify the fiat for judgment, until it has been found otherwise, upon an issue. Our decision, on the former application, has not altered or affected the record. It was not a reversal of the judgment in whole or in part; and though our language was, that the judgment beset aside, as to Brittin, the technical meaning and legal effect of that is only to prohibit the plaintiff from proceeding by execution against him. The judgment remains, in form against both, and the record is perfect. The court however, will see that the plaintiff makes no improper use of it. He may issue execution, or if one has already been issued upon it, he must not after the decision of this court, attempt to execute it upon the person or property of Brittin. If he does, he will be subject to the discipline of this court, as a contemner of its decisions. The directions given by the court, on the former argument, afforded the *240 defendant Silvers, a fair opportunity of investigating the whole matter, and showing how much, if any thing remained due to the plaintiff. If he does not choose to avail himself of it, the plaintiff ought to be at liberty to proceed on his execution against him. In my opinion the motion must be denied with costs.

Motion denied.